ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 15-5746

KEVIN GILL,

        Plaintiff,

        ROSS, J.
        BLOOM, M.J.

- against -

Case # :

COMPLAINT

JURY DEMAND

THE CITY OF NEW YORK, and JOHN
DOE(S) in plain clothes with and OF the 73rd
Precinct ( the names John Doe (plain clothes)
being fictitious, as the true identites are
presently unknown and said unidentifiable ),
        Defendants .
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


RECEIVED
OCT 0 1 2015
PRO SE OFFICE

Plaintiff, KEVIN GILL by Pro Se complaining of the
defendants herein, The City of New York, and the JOHN DOES 1-4
(collectively, "Defendants" ), respectfully allege as follows:

### NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statue, ordinance, regulation, custom, and/or to redress the deprivation of rights, priveleges, and immunities secured to the plaintiff by the Fourth and Fourteenth Amenedments in the United States Constitution of the United States, and by Title 42 U.S.C. § 1983 [ and § 1985 ], {and arising under the law and statutes of the City and State of New York}.

### JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Sixth, and Fourteenth Amenedments to the United States Constitution.

3.    As the deprivation of rights complained of herein occurred

within the Easten Districct of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and The State of New York.
5. At all relevant times, defendants John Doe and Jane Doe 1 - 4 (hereinafter "defendant officers") were upon information and belief, and still are, agents and/or officers employed by defendant The City of New York.
6. At all times herein, the defendant the City of New York were acting under the color of their official capacity, and their acts were/are the servants, agents, and employees of their co-defendant, The City of New York, such as their acts are imputed to The City of New York.
7. At all relevant times, the defendant The City of New York was and is a municipal corporation duly organized and existing under the laws of The State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation, and/or at the direction of the defendant, The City of New York.
8. Plaintiff is suing the defendant officers in their individual and official capacities before pursuing their enforcers and enforcers motivators.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On 8 / 13 / 2014 approximately 2:20 p.m. near 61 Glenmore Ave. (Watkins St.) in front of Brooklyn Public Library, defendants JOHN DOES' #1-4 in unmarked car bearing the license plate #DUC7183 did stop plaintiff - who was walking with his girlfriend - and did demand he give them identification.
10. Plaintiff asked officers JOHN DOES' #1-4 " Why I have to give you my ID? " which prompted defendant JOHN DOE to answer "Because I said so." Plaintiff who feared for his life, reached into his pocket and gave identification to the driver.
11. Defendant then asked plaintiff about the dbx cable he had in his shopping cart.

12. Plaintiff stated that the items he had was from his house and he was on his way to the recycler.
13. Defendant officers then told plaintiff that he could not leave until they found out via radio from the "base" if he had a warrant, and that if he had no warrant he would be set free.
14. After over serveral minutes passed, defendant JOHN DOE'S #1-2 did exit unmarked vehicle bearing license plate #DUC7183 and proceeded to search plaintiff by lifting up his shirt. He was also asked if he had any weapons to which plaintiff responded "no".
15. Defendant officers #1-4 then told plaintiff that other officers were coming to take him to his address so he (plaintiff) could prove he lives there.
16. After more than several minutes uniformed officer(s) SGT. NUNEZ and JOHN DOES #1-6 arrived. A conversation was held between plainclothed JOHN DOES #1-4 and uniformed officers SGT. NUNEZ and JOHN DOES #1-6.
17. Several minutes later the plaintiff was then told that he may leave.
18. That each and every officer and/or individual who responded to, had any involvment and/or was present at the location of the unlawful stop detainment and search knew and was fully aware that the plaintiff did not commit any crime or offense.
19. As a result of the incident by defendant officers, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, displacementdiscomfort, loss of consortium, financial losses, pain, and defamation.
20. The actions of the defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights,remedies, privileges, and immunities under the laws of the Constitution of the United States, treaties, ordinances,customary international law and norms, custom and usage of a right; in particular, the right to be secure in their own person and property, to be free from abuse of process and the right to due process.
21. Plaintiff has been the victim of several other attacks and violations by officers the 73rd Precinct.

FIRST CAUSE OF ACTION : 42 U.S.C. 1983

22. By this reference, plaintiff incorporates each and every

3

                allegation and averment set foreth in paragraphs 1 - 21 of this complaint as though fully set forth herein.

23. The conduct of defendant officers, as described herein, amounted to a de-facto arrest, excessive use of force, malicious abuse of process, failure to intervene, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, racial profiling, abuse of authority, pattern of harrassment, conspiracy, discrimination, selective enforcement, fabrications of evidences, denial of equal protection of the laws, denial of right to a fair trial, denial of due process rights and malicious prosecutions.

24. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

25. Consequently, plaintiff has been damaged and hereby deemed compensatory and punitive damages in an amount to be prove at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION : FAILURE TO TRAIN / SUPERVISE / DISCIPLINE AND MUNICIPAL POLICY
- against defendant The City Of New York -

26. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 - 25 of this complaint as though     fully set forth herein.

27. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto polices, practices, custom and/or usages of failing to properly train supervise or discipline its police offficers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, has failed to promugate, put into effect and monitor the enforcement of appropiate rules to ensure warrantless searches of people and/or their places, materials, papers and effects are not engaged.

28. Further, the existence of the oforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurances of similar wrongful conduct.

29. Upon information and belief, many of the named individual defendants have a lengthly substanciated history of police

misconduct, fraud and dishonesty. further, many of the named individual defendants are named defendants in numerous lawsuits in this district and in the Southern District of New York alleging similar claims as those alleged herein-- many of which lawsuits have been setelled by defendent City of New York with said defendant making substantial monetary payments to the plaintiffs in the said lawsuits.

30. In addition to the named individual defendants, several officers of the NYPD assigned to the 73rd Precinct as the named individual defendants routinely perform warrantless searches and make unlawful arrests charging innocent persons with various crimes and/or offenses.

31. Most of the arrests and charges made by officers assigned to the NYPD 73rd Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

32. Defendant, The City Of New York, has settled numerous of lawsuits brought in this district against several officers assigned to the NYPD 73rd Precinct concerning similar behavior as described herein.

33. Defendant, The City Of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs and/or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant The City Of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

34. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, priveleges, and immunities under the laws and Constitution of the United States, treaties, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, the right to be free from abuse of process, the excessive use of force, and the right to due process.

35. By these actions, defendants deprived plaintiff of rights secured by treatise, ordanances, customary international law and norms, custom and usage of a right, and the Fourth

          and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION : 42 U.S.C. § 1985

36. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 - 35 of this complaint as though fully set forth herein.

37. In an effort to cover up the lawless activity of property damage and violations of plaintiff's due process, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth amendments in the United States Constitution, because of their percieved social status, race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

38. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiffs of their constitutional and federal rights in violation of 42 U.S.C. § 1985.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before stated.

### FOURTH CAUSE OF ACTION : NEW YORK STATE CONSTITUTION,
### Article I, § 6 , 11 and 12

40. By this reference, plaintiff incorporates each and every allegation and avertment set forth in paragraphs 1 - 39 of this complaint as though fully set forth herein.  By reason of the foregoing, and by stoping, detaining, and searching him without probable cause or reasonable suspicion, depriving plaintiff of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, priveleges, and immunities, guaranteed to every New Yorker by Article I § 6 ( providing for due process ), Article I § 11 ( prohibiting discrimination in Civil Rights and providing for equal protection of laws ) , & Article I § 12 ( prohibiting unreasonable search & seizures ) of the New York Constitution.

41. In addition, defendant officers conspired among themselves

and conspired with other individuals to deprive the plaintiff of the constitutional rights secured by Article I, §§ 6, 11 & 12 of the New York Constitution and even took numerous overt steps in furtherance of such conspiracy as set forth above.

42. Defendant officers acted under pretense and color of State law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees'. Defendant officers' acts beyond the scope of their jurisdiction without the authority of law and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional right in Article I §§ 6, 11 & 12 of The New York Constitution.

43. Defendant officers, agents, servants, and the employees were responsible for the deprivation of plaintiff's State Constitutional Rights.

FIFTH CAUSE OF ACTION : Other New York Torts

44. By this reference, plaintiff incorporates each and every allegation and avertment set forth in paragraphs 1 - 43 of this complaint as though fully set forth herein.

45. The conduct of the defendant, as described herein, amounted to tresspass, unreasonable search, unlawful stop, special injury, loss of consortium, defamation, fraud, harassment, torturous interferance. negligence and intentional infliction of emotional distress and negligent hiring and retention of defendant officers.

46. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants individually and severally.

WHEREFORE, plaintiff respectfully prays judgement as follows :
    a. For compensatory damages against all defendants in an amount to be proven at trial ;
    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial ;
    c. For all costs of Plaintiff's theoretical time spent, preparation and execution of Complaint ( this includes but is not limited to costs of copies, notarized affidavits, certified mail, ink, paper, etc. )

    d.    For such other and further relief that this court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 ( b ) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

I declare under penalty of perjury that the above/foregoing is true and correct.

Signed this 26 day of SEPTEMBER, 20 15.

Signature of Plaintiff: _____

Mailing Address : 1519 East New York Ave.
Brooklyn, NY 11212

Telephone Number : 518-858-6885